UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case Nos. CV-20-1739-MWF (JEMx) | Date: July 17, 2020 |
| Title: Carmen John Perri v. LMBHR LLC et al. | |

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| | |
|---|---|
| Deputy Clerk:<br>Rita Sanchez | Court Reporter:<br>Not Reported |
| Attorneys Present for Plaintiff:<br>None Present | Attorneys Present for Defendant:<br>None Present |

**Proceedings (In Chambers):** ORDER RE RULE 12(b)(1) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION [18]

Before the Court is Defendant Lomita Plaza, LLC's Rule 12(b)(1) Motion to Dismiss (the "Motion"), filed on April 28, 2020. (Docket No. 18). Plaintiff Carmen John Perri submitted an Opposition to the Motion on May 11, 2020. (Docket No. 21). Defendant filed a Reply on May 18, 2020. (Docket No. 22).

The Motion was noticed to be heard on June 1, 2020. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Vacating the hearing was further supported by the Continuity of Operations Plan arising from the COVID-19 emergency. The hearing was therefore **VACATED** and removed from the Court's calendar.

The Motion is **DENIED**. Plaintiff has sufficiently alleged an ADA claim, and the Complaint satisfies the injury-in-fact and redressability requirements of Article III standing. Additionally, no evidentiary hearing or site visit is justified.

**I.     BACKGROUND**

Plaintiff commenced this action on February 24, 2020. (*See generally* Complaint (Docket No. 1)). The Complaint contains the following allegations:

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case Nos. CV-20-1739-MWF (JEMx)**     **Date:  July 17, 2020**
**Title:**     Carmen John Perri v. LMBHR LLC et al.

Plaintiff's musculoskeletal and neurological systems are impaired, resulting in weakness, fatigue, pain, and loss of strength in his arms, hands, and legs. (*Id.* ¶ 1). Plaintiff has also developed permanent nerve damage that has caused increased pain and limits his ability to function and limits his mobility. (*Id.*). Plaintiff is also limited in his ability to walk, stand, ambulate, and/or sit. (*Id.*). As a result of his impairments, he is subject to falls, is unsteady on his feet, cannot walk for any significant distance without having to periodically rest, and often relies upon mobility devices to ambulate including a cane, walker, or wheelchair. (*Id.*).

Defendant LMBHR LLC owned the property located at 1810 Lomita Blvd, Lomita, California 90717, (the "Property") on January 29, 2020, and still owns the Property. (*Id.* ¶¶ 2, 3).

On January 29, 2020, Plaintiff went to the Business for the dual purpose of purchasing a beverage and to confirm that this public place of accommodation is accessible to persons with disabilities within the meaning of federal and state law. (*Id.* ¶ 8). The Business is open to the public, but on the date of Plaintiff's visit, the Business did not have designated parking spaces available for disabled individuals that complied with 2010 American with Disabilities Act Accessibility Guidelines ("ADAAG"). (*Id.* ¶¶ 9-11). Specifically, instead of having architectural barrier free facilities for patrons with disabilities, Defendant has a built-up curb ramp that projects from the sidewalk and into the access aisle and, the curb ramp is in excess of the maximum grade allowed by ADAAG specifications. (*Id.* ¶ 12).

On information and belief, Plaintiff asserts there are additional violations that will affect him personally, and that Defendant has no policy or plan in place to make sure that the parking spaces comport with ADAAG. (*Id.* ¶¶ 13-15). Plaintiff is being deterred from patronizing the Business, but intends to return. (*Id.* ¶¶ 16, 19, 21).

Based on these allegations, Plaintiff asserts two claims for relief: (1) violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos. CV-20-1739-MWF (JEMx)          Date: July 17, 2020
Title:      Carmen John Perri v. LMBHR LLC et al.

---

(2) violation of California's Unruh Civil Rights Act (the "Unruh Act"), Cal. Civ. Code §§ 51–53. (*Id.* ¶¶ 26-35).

On March 30, 2020, this Court declined to exercise supplemental jurisdiction over Plaintiff's state Unruh Act claim. (Docket No. 14). Accordingly, only Plaintiff's ADA claim remains.

## II.   LEGAL STANDARD

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny.

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Id.* at 995 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos. CV-20-1739-MWF (JEMx)  Date: July 17, 2020
Title:   Carmen John Perri v. LMBHR LLC et al.

reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). Where the facts as pleaded in the complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Props.*, 751 F.3d at 996-97; *see also Somers*, 729 F.3d at 960.

## III.   DISCUSSION

Defendant advances three arguments as to why the Motion should be granted. First, Defendant argues that Plaintiff does not sufficiently allege how the barriers denied him full and equal access to visiting the Business to satisfy the "injury-in-fact" requirement. (Motion at 3-11). Second, Defendant argues that Plaintiff does not sufficiently allege the manner in which the injury can be redressed by a favorable decision. (*Id.* at 11). Finally, Defendant argues that Plaintiff has failed to allege an injury in fact that is sufficiently concrete as opposed to conjectural or hypothetical, and that the Complaint does not meet the plausibility standard. (*Id.* at 11-15). Defendant also requests a site visit and an evidentiary hearing.

The Court disagrees with Defendant. First, the Court determines that Plaintiff has satisfied the injury-in-fact requirement and has sufficiently alleged an ADA claim. Specifically, Plaintiff has alleged that (1) he went to the Business; (2) the parking spaces at the Business were not in compliance with the ADAAG; (3) he personally encountered these and other barriers; and (4) he is being deterred from visiting the Business by these barriers. (Complaint ¶¶ 8, 10, 11, 12, 13, 19). That is more than sufficient to state a claim at this stage. *See, e.g., Langer v. 6830 La Jolla Blvd., LLC*, No. 3:19-CV-1790-GPC-NLS, 2020 WL 353601, at *2 (S.D. Cal. Jan. 21, 2020) (injury-in-fact satisfied because "Plaintiff states that he personally encountered parking at the Restaurant that was not accessible to him given his specific disability, thus causing him 'difficulty and discomfort' and 'deter[ing him] from returning'" and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case Nos. CV-20-1739-MWF (JEMx)  Date: July 17, 2020
Title:     Carmen John Perri v. LMBHR LLC et al.

"Plaintiff highlights Defendant's barrier and explains how that barrier 'deprived him of the same full and equal access that a person who is not wheelchair bound would enjoy when shopping at' the Restaurant, namely, its lack of accessible parking").

Second, the Court determines that Plaintiff has satisfied the redressability requirement for Article III standing. Plaintiff's Complaint seeks an injunction "enjoining Defendants from further violations of the ADA." (Complaint, Prayer for Relief). This is sufficient to satisfy the redressability requirement. *See Civil Rights Educ. & Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093, 1102 (9th Cir. 2017) ("The Named Plaintiffs have requested that the court fashion an injunction mandating that the [defendant] hotels comply with the ADA. If the Named Plaintiffs were to prevail and receive their requested relief, then their injuries would be redressed. They have therefore satisfied the redressability requirement, whether or not they are correct on the merits.").

Third, Plaintiff is correct that he does not have to allege any concrete plans to return to the Business to have Article III standing, as he can still have standing as a "tester" as opposed to a patron. *Civil Rights Educ.*, 867 F.3d at 1102 ("The Named Plaintiffs' status as ADA testers thus does not deprive them of standing."). Here, Plaintiff has alleged that he intends to return to the Business, which is sufficient to confer him standing.

Finally, the Court determines that no evidentiary hearing or site visit is justified by Defendant's arguments. Defendant will have every right to take as much discovery as necessary to prove up its arguments. Defendant will also have every right to move for summary judgment once it has factually developed its case. However, at this posture, no evidentiary hearing or site visit is necessary.

Accordingly, the Motion is **DENIED**. Defendant must answer the Complaint by **August 3, 2020**.

IT IS SO ORDERED.